UNITED STATES  DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WILLIAM WIGGINS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-10813** |
| **HUBERT A. VONDENSTEIN, ET AL.** | **SECTION:  "I"(3)** |

## REPORT AND RECOMMENDATION

Plaintiff, William Wiggins, a state prisoner, filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against Hubert A. Vondenstein, Denis Ganucheau, Steve Halbert, Randell Hafner, and Martha E. Sassone.  In this lawsuit, plaintiff challenges the sentence he received in his state criminal proceedings.  As relief, he seeks monetary damages.

This Court is statutorily mandated to "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

The Court has broad discretion in determining the frivolous nature of the complaint.  Cay v. Estelle, 789 F.2d 318, 325 (5th Cir. 1986), modified on other grounds, Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993).  In making that determination, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).  Thus, a complaint is frivolous "if it lacks an arguable basis in law or fact."  Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994); Booker, 2 F.3d at 115 & n.6. Broadly reading plaintiff's complaint,[1] the Court finds that the complaint should be dismissed as frivolous, for failing to state a claim on which relief may be granted, and/or for seeking monetary damages against a defendant who is immune from such relief.[2]

---

[1]  The court must liberally construe a *pro se* civil rights complaint.  See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

[2]  It unnecessary to hold a Spears hearing or to allow plaintiff an opportunity to amend his complaint because he has alleged his best case and the underlying defect in this case cannot be cured

In 1988, plaintiff was convicted in the Louisiana Twenty-Fourth Judicial District Court of aggravated burglary and attempted aggravated rape.  Judge Hubert A. Vondenstein, a defendant herein, presided over that criminal proceeding.  Martha E. Sassone, also a defendant herein, represented plaintiff on appeal.  However, on January 17, 1990, the Louisiana Fifth Circuit Court of Appeal affirmed plaintiff's convictions and sentences.  State v. Wiggins, 556 So.2d 622 (La. App. 5th Cir. 1990).

In December, 1999, plaintiff filed with this Court a federal *habeas corpus* petition challenging his sentence.  On April 13, 2000, United States District Judge Helen G. Berrigan denied that application as untimely and, alternatively, on the merits, found that plaintiff's sentence was statutorily required and not constitutionally excessive.  William J. Wiggins v. N. Burl Cain, Civ. Action No. 99-3684 "C"(4) (E.D. La. Apr. 13, 2000).[3]  The United States Fifth Circuit Court of Appeals denied plaintiff's related application for a certificate of appealability.  William J. Wiggins v. Burl Cain, Warden, No. 00-30589 (5th Cir. Oct. 17, 2000).

In March, 2004, plaintiff attempted to file another federal *habeas corpus* petition challenging his sentence.  That petition was construed as a motion for authorization to file a second or successive petition and was transferred to the United States Fifth Circuit Court of Appeals for disposition.  William Wiggins v. Burl Cain, Warden, Civ. Action No. 04-0390 "C"(4) (E.D. La. Mar. 2, 2004).

---

by an amendment.  See Jones v. Greninger, 188 F.3d 322, 327 (5th Cir. 1999); see also Juarez v. Short, 84 Fed. App'x 420, 424 (5th Cir. 2003).  Any amendment would be futile because plaintiff simply is not entitled to relief in this federal forum for the reasons set forth in this opinion.

[3] "A court may take judicial notice of related proceedings and records in cases before the same court."  MacMillan Bloedel Ltd. v. Flintkote Co., 760 F.2d 580, 587 (5th Cir. 1985).

The Court of Appeals denied that motion for authorization on April 15, 2004.  In re:  William J. Wiggins, No. 04-30214 (5th Cir. Apr. 15, 2004).

Undeterred, plaintiff has now filed the instant lawsuit pursuant to 42 U.S.C. § 1983.  In this federal civil rights action, he again challenges his criminal sentence and seeks monetary damages.

As a preliminary matter, this Court notes that plaintiff's claims are barred by Heck v. Humphrey, 512 U.S. 477 (1994).  In Heck, the United States Supreme Court stated:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, *or for other harm caused by actions whose unlawfulness would render a* conviction or *sentence invalid*, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.  Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Heck, 512 U.S. at 486-87 (emphasis added) (footnote omitted).  Claims barred by Heck are legally frivolous.  Hamilton v. Lyons, 74 F.3d 99, 102 (5th Cir. 1996).

As noted, plaintiff has previously challenged his sentence in both the state and federal courts to no avail.  As a result, his sentence has been found to be valid and is intact.  Because a federal judgment in his favor in the instant lawsuit would necessarily imply the invalidity of that sentence, Heck currently bars his claims for monetary damages in this federal civil rights action.

Nevertheless, because a dismissal pursuant to Heck would, at least theoretically, allow plaintiff to again bring a federal civil rights lawsuit against the named defendants in the unlikely

event that his sentence is ever invalidated, and because plaintiff's claims against the named defendants are utterly meritless, the undersigned recommends that the claims simply be dismissed with prejudice on the merits rather than based on the <u>Heck</u> bar.[4]

In this lawsuit, plaintiff has sued Judge Vondenstein, the judge who presided over his criminal trial and sentenced him.  It is well established that absolute judicial immunity protects a judge from liability for all judicial functions, so long as he does not act in clear absence of all jurisdiction:

> Judicial officers are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial functions.  The alleged magnitude of the judge's errors or the mendacity of his acts is irrelevant.  Judicial immunity can be overcome only by showing that the actions complained of were nonjudicial in nature or by showing that the actions were taken in complete absence of all jurisdiction.

<u>Boyd v. Biggers</u>, 31 F.3d 279, 284 (5th Cir. 1994) (citations omitted); <u>see also</u> <u>Brandley v. Keeshan</u>, 64 F.3d 196, 200 (5th Cir. 1995) (absolute immunity applies even where judge's "exercise of authority is flawed by grave procedural errors" or where the judge "took action maliciously or was in excess of his authority"); <u>Dayse v. Schuldt</u>, 894 F.2d 170, 172 (5th Cir. 1990).  Because there is no question that Judge Vondenstein had jurisdiction over plaintiff's criminal case and that his actions in that matter were performed in the exercise of his judicial functions, he is entitled to absolute immunity.

---

[4]  <u>See</u> <u>Boyd v. Biggers</u>, 31 F.3d 279, 284-85 (5th Cir. 1994) (holding that, because claims against immune defendants would be still be barred even if the <u>Heck</u> bar were subsequently removed, it was appropriate to dismiss meritless claims on that basis rather than pursuant to <u>Heck</u>).

Plaintiff has also sued Assistant District Attorney Denis Ganucheau; Steve Halbert, an investigator for the District Attorney's Office; and Randell Hafner and Martha E. Sassone, plaintiff's indigent defenders.  However, because plaintiff's claims challenge his sentence, and because it was Judge Vondenstein alone who sentenced plaintiff, these other individuals could not under any circumstances be held liable if Judge Vondenstein did in fact err in imposing sentence.  However, even if that were not the case, any claims against Ganucheau, Hafner, and Sassone would necessarily fail for additional reasons.  Ganucheau, as the prosecuting attorney, would be protected by absolute prosecutorial immunity.[5]  Hafner and Sassone, who served as indigent defenders, could not be held liable under § 1983 because they were not acting under color of state law.[6]

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's claims be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) as frivolous, for failing to state

---

[5]  "Prosecutorial immunity applies to the prosecutor's actions in initiating the prosecution and in carrying the case through the judicial process."  Boyd v. Biggers, 31 F.3d 279, 285 (5th Cir. 1994).  A prosecutor's absolute immunity also extends to "actions preliminary to the initiation of a prosecution and actions apart from the courtroom."  Buckley v. Fitzsimmons, 509 U.S. 259, 272 (1993) (quotation marks omitted).  Further, "[a]bsolute immunity shelters prosecutors even when they act maliciously, wantonly or negligently."  Rykers v. Alford, 832 F.2d 895, 897 (5th Cir. 1987) (quotation marks omitted).

[6]  "A claim for relief under 42 U.S.C. § 1983 must contain two elements: 1) that [the plaintiff has] been deprived of a right secured by the Constitution or laws of the United States; and 2) that the defendant acted under color of state law."  Wong v. Stripling, 881 F.2d 200, 202 (5th Cir. 1989).  However, "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."  Polk County v. Dodson, 454 U.S. 312, 325 (1981).  Accordingly, because Hafner and Sassone were not state actors, plaintiff cannot state a cognizable § 1983 claim against them.

a claim on which relief may be granted, and for seeking monetary damages against a defendant who is immune from such relief.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this twenty-ninth day of December, 2006.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**